By the Court, Bronson, J.
It is unnecessary to inquire, whether the plea is bad, for the action is misconceived. It should have been brought in the name of the lunatic. In Petrie and another v. Shoemaker, &c., (24 Wendell, 85,) we held, that the committee could not maintain ejectment on the title of the lunatic. The authorities on this subject are uniform, that the action must be brought in the name of the lunatic; and there is no distinction between actions concerning the realty, and those relating to the personal estate. The committee is a mere *98 bailiff or servant, and the interest and right of action remain in the lunatic. In the case which follows the decision in Drury v. Fitch, (Hutton’s R. 16,) the committee brought trespass, for an injury to the land: but the court said, “ that the committee was but as bailiff, and hath no interest, but for the profit and benefit of the lunatic, and is as his servant; and it is contrary to the nature of his authority to have an action in his own name, for the interest and estate, and all power of suits is remaining in the lunatic.” The same doctrine was laid down in Fulcher v. Griffin, (Pophamss R. 140,) Coke v. Darston, (1 Brownl. & Goldsb. 197,) and Knipe v. Palmer, (2 Wils. 130.) In this case it was held, that a lease made by the committee in his own name, was void, and that the lessee was not, therefore, bound by his covenant. (See also, Matter of Fitzgerald, 2 Sch. & Lef. 431.)
It is true, that most of the cases on this subject relate to the real estate of the lunatic; but that is so because the question was settled at a time when there was comparatively but little personal property, and not because there is any difference in principle between real and personal actions, so far as concerns the right to sue. In both cases the action must, in general, be brought by him who has the legal interest. But the question is settled in relation to personal, as well as real actions. In Cox v. Dawson, (Noy's R. 27,) which is one of the earliest cases, the committee brought trover, and the court said it was ill brought, for he ought to have brought it in the name of the lunatic. Mr. Shelford says, the action must be brought in the name of the non compos, whether it be an action of trespass, ejectment, covenant, or of any other kind. (Shelf. Lunatics, 395, ed. 1833.) And the rule in relation to parties, seems to be the same in equity, as it is at law. (Stewart v. Graham, 19 Ves. 312.) That was an application by the committee for a ne exeat, on account of a debt alleged to be due the lunatic; and the proceeding was in the name of the lunatic.
Judgment for defendant